UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT MCKENNEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 2:16-cv-00630-JAW |
| v. | ) | |
| | ) | |
| OFFICER FARRINTON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Robert McKenney, an inmate detained in the Androscoggin County Jail, alleges Defendants committed various violations of his constitutional rights, including violations of his right to due process in connection with disciplinary proceedings in the jail. (Complaint, ECF No. 1.) Plaintiff also requests a preliminary injunction. (Statement of Claim at 4, ECF No. 1-1).

Plaintiff has filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of the complaint and the attachments filed by Plaintiff, I recommend the Court dismiss Plaintiff's claims, except for Plaintiff's claim of retaliation based on the alleged denial of participation in a work program.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff is currently incarcerated and seeks redress from governmental entities and officers.  *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS[1]

On November 1, 2016, Plaintiff was transferred from Cumberland County Jail to Androscoggin County Jail because jail administrators concluded Plaintiff had an inappropriate relationship with a member of the staff at the Cumberland County Jail. (Statement of Claim at 1, ECF No. 1-1, ¶ 1, PageID # 4.) Defendant Officer Farrinton, described by Plaintiff as a programs officer, told Plaintiff he would not receive work through the Androscoggin County Jail if the work would place him near women. Defendant Farrinton allegedly called Plaintiff a "manipulator" and "predator." (*Id.*)

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

Plaintiff filed complaints with the jail about his interaction with Defendant Farrinton, but Defendant Lieutenant Feldman returned the complaints and advised Plaintiff not to file frivolous complaints or Plaintiff would be placed in segregation. (*Id.*)

On November 24, 2016, Plaintiff received a disciplinary write-up for assault. At a subsequent hearing on the matter, the disciplinary board found him guilty and sentenced him to 10 days in segregation. (*Id.* ¶ 2.) Defendant Farrinton was the chairperson of the board. (*Id.*) Plaintiff also asserts Defendant Farrinton informed him that as part of the discipline, he would not be permitted to work for the balance of his sentence. (PageID # 6.) At the hearing, Plaintiff was not permitted to call witnesses, or review the officer's reports or the alleged victim's statement. (*Id.*) Defendants Officer Stone and Corporal Prosser, who were present at the hearing, did not intervene when Plaintiff objected to Defendant Farrinton's participation and his violation of Plaintiff's constitutional rights. (*Id.*)

Plaintiff also asserts that when he complained to the jail about certain insults, including that he was a "rapist dirtbag," made by a corrections officer, Defendant Farrinton informed him the alleged insults did not support a complaint. (PageID # 6.) In addition, Plaintiff maintains Defendant Farrinton denied Plaintiff credit for work Plaintiff performed in November 2016 (PageID # 10), and denied Plaintiff good time credit for Plaintiff's work in November. (PageID # 11.) According to Plaintiff, when he complained about the good time, Defendant Farrinton determined the complaint was frivolous, and threatened Plaintiff with disciplinary action if Plaintiff continued to file such complaints. (*Id.*)

Plaintiff alleges that before he filed this action, he wrote numerous requests to Defendants Stone and Farrinton for the services of a notary public, law materials, and access to a copier. The requests were ignored. (PageID # 12.)

In his motion for preliminary injunction, Plaintiff asks the Court to transfer him back to the Cumberland County Jail. (PageID # 7.) Plaintiff also asks the Court to direct Defendants to implement a policy that prevents officers from answering complaints against them. (PageID # 9.) Finally, Plaintiff evidently requests an order directing Defendants to expunge from his prison record the assault finding. (PageID # 7.)

### DISCUSSION

In his complaint, Plaintiff alleges that (1) he was denied due process in connection with a disciplinary sanction of 10 days in segregation; (2) the grievance/complaint system at the Androscoggin County Jail is flawed because officers who are the subject of Plaintiff's complaints have reviewed and summarily denied his complaints; (3) Defendant Farrinton has denied him the ability to work and earn related good time credit; (4) corrections officers have verbally insulted him; (5) he has been punished for filing complaints; and (6) he has been denied access to law materials, photocopies, and notary services.

**1.    Denial of due process in disciplinary proceeding**

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The analysis of a due process claim includes two issues. A court first considers "whether there exists a liberty or property interest of which a person has been

5

deprived," and if so, it then considers "whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "[T]he processes required by the Clause with respect to the termination of a protected interest will vary depending upon the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 320 (1985).

"[W]hile persons imprisoned for crime enjoy many protections of the Constitution, it is also clear that imprisonment carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984). With respect to the Due Process Clause, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976).

As an inmate in a state prison, Plaintiff's liberty interest is limited to avoiding conditions of confinement that impose an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Where the deprivation of liberty does not rise to that level, the mere violation of prison procedural policies by prison officials does not give rise to a constitutional violation. *Id.*

Under the governing law, therefore, unless Plaintiff can demonstrate that he was subjected to a sanction amounting to an atypical and significant hardship, Defendants' failure to follow a particular hearing procedure would not offend the Due Process Clause of the Constitution because Plaintiff, as a prisoner, would not have been deprived of a

6

liberty interest. In his complaint, Plaintiff asserts that as the result of his inability to call witnesses at the disciplinary hearing and review statements of witnesses and the victim, he spent 10 days in segregation based on an assault charge. Absent extreme conditions, which are not alleged here, such a short period in segregation does not amount to an atypical and significant hardship. *Id.* at 486 (holding that 30 days in disciplinary segregation was not an atypical and significant hardship). Because his time in segregation did not deprive Plaintiff of a liberty interest, Plaintiff fails to allege sufficient facts to support a claim based on the loss of a liberty interest protected by the Due Process Clause in the context of life in the jail.

### 2. Improper grievance/complaint process

Plaintiff asserts Defendants have not administered the grievance and disciplinary proceedings properly. Contrary to Plaintiff's allegations, a prisoner does not have a constitutional right to a particular prison grievance procedure, or even a right to file a prison grievance; rather, the Due Process Clause entitles prisoners to predeprivation process whenever the state subjects them to an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("[T]he prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Charriez v. Sec'y, Florida Dep't of Corr.*, 596 F. App'x 890, 895 (11th Cir. 2015) (unpublished) ("Because the prison grievance procedure does not create a protected liberty interest, Charriez does not have a federal constitutional right within that administrative-grievance procedure."); *Von Hallcy v.*

7

*Clements*, 519 F. App'x 521, 523 (10th Cir. 2013) (unpublished) ("Von Hallcy cannot state a due process claim based on allegations of an ineffective grievance reporting system."); *Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."); *Butler v. Brown*, 58 F. App'x 712 (9th Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy*, 30 F. App'x 568, 569 – 70 (6th Cir. 2002) (unpublished) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). Because prison grievance procedures are not mandated or governed by the Constitution or other federal law, Plaintiff has not and cannot assert an actionable federal claim based on Defendants' administration of the grievance/complaint process.

### 3. Denial of work and related good time credit

Plaintiff does not have a liberty interest in prison employment, even if the employment enables him to accrue good time at an accelerated rate. *See*, *e.g.*, *Dominique v. Weld*, 73 F.3d 1156, 1160 (1st Cir. 1996) (applying *Sandin* to uphold dismissal of prisoner's claim that his four-year participation in a work release program had given rise to a liberty interest and citing, inter alia, *Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 49 – 50 (5th Cir. 1995) (inmate terminated from a prison job permitting the automatic accrual of good-time credits lacked a protected liberty interest, despite apparent violation

of a state regulation)).[2] Consequently, Plaintiff's allegations regarding the denial of participation in the work program do not assert an actionable federal claim.

### 4. Verbal insults

Verbal insults and offensive comments do not violate the constitution or give rise to a federal claim. "The First Circuit has established that '[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'" *Badger v. Correct Care Sols.*, No. 1:15-CV-00517-JAW, 2016 WL 1430013, at *4, 2016 U.S. Dist. LEXIS 48130, at *6 (D. Me. Apr. 11, 2016) (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *abrogated on other grounds*, *Martinez v. Cui*, 608 F.3d 54 (1st Cir. 2010)). *See also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."). The insults alleged by Plaintiff (that he is a "manipulator," "predator," and "rapist dirtbag") do not give rise to a federal claim.

### 5. Threats related to frivolous complaints

To state a claim of first amendment retaliation, an inmate must allege (1) that the inmate engaged in conduct protected by the First Amendment; (2) that the defendant took adverse action against the inmate because of the protected conduct; and (3) that the adverse action was more than de minimis, i.e., was sufficient to deter an inmate of ordinary firmness from exercising his or her first amendment rights. *Hannon v. Beard*, 645 F.3d 45, 48 (1st

---

[2] When accrued good time is at stake, a liberty interest is recognized, but a prisoner must assert his due process claim in the context of a habeas corpus petition or state proceeding before bringing a § 1983 due process claim. *DeWitt v. Wall*, No. 04-1531, 121 Fed. App'x 398, 399 (1st Cir. Dec. 30, 2004) (unpublished) (citing, inter alia, *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Portley–El v. Brill,* 288 F.3d 1063, 1066 (8th Cir. 2002)).

Cir. 2011); *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999). "[T]his objective test applies even where a particular plaintiff was not himself subjectively deterred; that is, where he continued to file grievances and lawsuits." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004); *see also Ayotte v. Barnhart*, 973 F. Supp. 2d 70, 82 (D. Me. 2013).

In this Circuit, the filing of a prison grievance is considered protected conduct. *Hannon*, 645 F.3d at 48 ("The plaintiff, in filing his own grievances and legal actions, plainly engaged in protected activity."); *Hightower v. Vose*, 95 F.3d 1146 (Table), No. 95-2296, 1996 WL 516123, *1, 1996 U.S. App. LEXIS 24041, at *3 – 4 (1st Cir. Sept. 12, 1996). Nevertheless, to be protected under the First Amendment, a grievance must not be frivolous. *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Lewis v. Guillot*, 583 F. App'x 332, 333 (5th Cir. 2014).

Several circuit courts of appeals have held that harassment and threats can constitute the necessary adverse action. *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009); *Thaddeus-X*, 175 F.3d at 398; *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994); *Ford v. Palmer*, 539 Fed.Appx. 5, 7 (2d Cir. 2013). Harassment, however, is not always actionable. *Brown v. Lewis*, 865 F. Supp. 2d 642, 648 (E.D. Pa. 2011). For example, a verbal insult alone does not constitute adverse action. *Vincent v. Sitnewski*, 117 F. Supp. 3d 329, 340 (S.D.N.Y. 2015) (citing inter alia *Mateo v. Fischer*, 682 F. Supp. 2d 423, 434 (S.D.N.Y. 2010) (collecting S.D.N.Y. cases concerning verbal threats)); *Briggs v. Wall*, No. 1:09-cv-00456, 2009 WL 4884529, at *5, 2009 U.S. Dist. LEXIS 117294, at *11 – 12 (D.R.I. Dec. 16, 2009) ("The alleged vague threat of future unspecified discipline

... does not constitute 'adverse action'").[3] *See also Ellis v. Meade*, 887 F. Supp. 324, 329 (D. Me. 1995) ("Verbal threats and name calling usually are not actionable under § 1983." (quoting *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993))). Death threats and threats of serious physical harm, however, generally suffice. *Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014) (concluding that the statement, "We'll be ramping things up," was too vague to state a claim, where the complaint provided no context to give the statement chilling effect, such as a "history of abuse or a pattern of threats" or an accompanying "menacing gesture").

Here, Plaintiff alleges that when he filed a complaint against Defendant Farrinton because Defendant Farrinton told Plaintiff he would not receive work through the Androscoggin County Jail if the work would place him near women, Defendant Lieutenant Feldman advised Plaintiff not to file frivolous complaints or Plaintiff would be placed in segregation. Plaintiff also alleges that when he complained that Defendant Farrinton denied him good time credit for work performed, Defendant Farrinton told Plaintiff the complaint was frivolous, and threatened Plaintiff with disciplinary action if Plaintiff continued to file such complaints. At some point,[4] Plaintiff allegedly received a sanction which barred him from participating in any work program.

---

[3] The First Circuit Court of Appeals has not had many occasions to review adverse action found by a district court to be de minimis in the context of a prisoner retaliation claim. In *Starr v. Dube*, the Court held that an allegedly retaliatory disciplinary charge was not an adverse action where the record established that the prisoner received a hearing before discipline would be imposed and was successful in overcoming the charge. 334 Fed.Appx. 341 (1st Cir. 2009) (per curiam).

[4] Plaintiff's complaint can be construed to permit the inference that the alleged sanction barring him from work was imposed after he complained about the denial of work-related good time credit. Additionally, the allegation that Plaintiff initially participated in work activity at the Androscoggin County Jail and then was denied participation suggests an intervening cause.

11

At this stage of the proceedings, Plaintiff's grievance activity regarding the denial of earned good time credit cannot be characterized as a non-frivolous matter and thus can reasonably be considered as protected activity for purposes of a retaliation claim. Additionally, the alleged denial of participation in all work activity for the balance of Plaintiff's sentence could constitute a sanction sufficient to deter an inmate of ordinary firmness from exercising his or her first amendment rights, and the allegations otherwise suggest a causal relationship between the protected conduct and the adverse action. *See*, *e.g.*, *Milligan v. Archuleta,* 659 F.3d 1294, 1296 (10th Cir. 2011) (concluding prisoner's claim that he lost his prison job in retaliation for filing grievance was not frivolous). Plaintiff, therefore, has asserted sufficient facts to proceed on a first amendment retaliation claim against Defendants Farrinton and Feldman.

### 6. Denial of law materials, photocopies, and notary services

Plaintiff's allegations regarding the denial of legal materials, photocopies and notary services potentially implicate Plaintiff's right of access to the courts. Prisoners have a right under the United States Constitution to meaningful access to the courts. "The right of access is a discrete, constitutional right, derived from various constitutional sources [including] the due process clause, the privileges and immunities clause, and the First Amendment." *Simmons v. Dickhaut*, 804 F.2d 182, 183 (1st Cir. 1986) (per curiam) (citations omitted). To state a claim for denial of access to the courts, a plaintiff cannot merely allege that prison administrators have provided insufficient access to legal materials. As explained by the Supreme Court in *Lewis v. Casey*, 518 U.S. 343 (1996), the "role of the courts [is] to provide relief to claimants, … who have suffered, or will

imminently suffer, actual harm." *Id.* at 349.  In other words, it is not the role of this Court to dictate the amount of law library access or the number of photocopies prison administrators must provide to prisoners; the Court's responsibility is to address the claims in which prisoners allege the existence of conditions that have actually denied or will imminently deny "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 351 (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).  *See also Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004).

Plaintiff has not asserted that he has been denied the ability to assert any claim in court as the result of Defendants' conduct regarding legal materials, photocopies, or notary public services.  Plaintiff, therefore, has not asserted an actionable claim based on the denial of access to the courts.

### 7. Plaintiff's Claim for Injunctive relief

In his motion for injunctive relief, Plaintiff requests an order directing Defendants to change their procedures, to transfer him back to the Cumberland County Jail, and to expunge the assault matter from his prison record.

A preliminary injunction is "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)).  "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614,

13

618 (3d Cir. 1969).  Moreover, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).  *See also* 18 U.S.C. § 3626(a)(1)(A) (requiring that prospective injunctive relief "extend no further than necessary" and afford only "the least intrusive means necessary to correct the violation," and that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief").

For the Court to consider the merit of Plaintiff's request for injunctive relief, Plaintiff first must demonstrate, inter alia, that he is likely to prevail on the claim asserted in the complaint.  *Verizon New England, Inc. v. Maine Pub. Utilities Comm'n*, 403 F. Supp. 2d 96, 102 (D. Me. 2005).  While Plaintiff has asserted sufficient facts to support a plausible retaliation claim, the record does not support a finding that Plaintiff is likely to prevail on the claim.

Furthermore, even if Plaintiff were to prevail on the retaliation claim, he would not necessarily be entitled to the requested injunctive relief.  Indeed, the Court does not have cause to direct Defendants to implement any particular policies or practices regarding the processing of prisoner complaints where the allegations do not involve an interest protected by the Due Process Clause. *Sandin*, 515 U.S. at 484.  Moreover, Plaintiff does not have a right to be assigned to a particular correctional facility as he requests. *Wilkinson v. Austin*, 545 U.S. 209, 221 – 22 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement"); *Haymes*, 427 U.S. at 242 ("The Clause does not require hearings in connection with transfers

14

whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive."); *Meachum v. Fano,* 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"). In short, Plaintiff has failed to demonstrate he is entitled to a preliminary injunction.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss all claims except Plaintiff's retaliation claim against Defendants Farrington and Feldman based on the denial of participation in a work program. I further recommend the Court deny Plaintiff's motion for preliminary injunction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of March, 2017.