UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT W. MCKENNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:16-cv-00630-JAW |
| | ) |
| OFFICER FARRINTON, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO DISMISS**

On December 19, 2016, Robert W. McKenney, then a prisoner at the Androscoggin County Jail, filed a complaint in this Court pursuant to 42 U.S.C. § 1983 against Officer Farrinton, Officer Stone, Corporal Prosser, and Lieutenant Feldman, seeking a preliminary injunction, an order transferring him to another facility, and monetary damages. *Compl.* (ECF No. 1). In an attachment to his Complaint, Mr. McKenney alleged that the corrections officers engaged in misconduct, the details of which are not relevant to this order. *Id.* Attach. 1.

On March 2, 2017, the Magistrate Judge issued a recommended decision in which he screened Mr. McKenney's Complaint under 28 U.S.C. § 1915A(a). *Recommended Decision After Screening Compl. Pursuant to 28 U.S.C. §§ 1915(e), 1915A* (ECF No. 7). The Magistrate Judge recommended that this Court dismiss all claims except Mr. McKenney's retaliation claim against Defendants Farrinton and Feldman based on the denial of participation in a work program. *Id.* at 15. The Magistrate Judge also recommended that the Court deny Mr. McKenney's motion for

preliminary injunction. *Id.* On March 17, 2017, the Clerk's Office received in return mail a copy of the Magistrate Judge's Order that the Clerk's Office had sent to Mr. McKenney's listed address, indicating that the mail was "NOT DELIVERABLE AS ADDRESSED/RELEASED/UTF." *Mail* (ECF No. 8). Mr. McKenney did not object to the recommended decision and on March 30, 2017, the Court affirmed the Magistrate Judge's recommended decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 9) (*Order*).

On March 30, 2017, the Magistrate Judge issued an order, directing the Clerk's Office to prepare summonses to serve Defendants Farrinton and Feldman with the Complaint. *Order for Serv.* (ECF No. 10). On April 17, 2017, the Order Affirming the Recommended Decision was returned to the Court as undeliverable and on April 27, 2017, the Order for Service of Summons was also returned as undeliverable. *Mail* (ECF No. 11); *Mail* (ECF No. 12). On May 1, 2017, both Defendants Farrinton and Feldman waived service of process. *Waiver of Serv.* (ECF No. 13, 14). The Waiver of Service of Process forms were also returned to the Court, this time on May 15, 2017 as undeliverable. *Mail* (ECF No. 18). Also on May 15, 2017, Defendants Farrinton and Feldman answered the Complaint. *Defs.' Thomas Farrington and Lane Feldman's Ans. and Affirmative Defenses to Pl.'s Compl.* (ECF No. 16).

On May 16, 2017, the Court issued a Scheduling Order. *Scheduling Order* (ECF No. 17). On June 1, 2017, the Scheduling Order was returned to the Court as undeliverable. *Mail* (ECF No. 19).

On June 29, 2017, Defendants Farrinton and Feldman moved to dismiss the Complaint. *Defs.' Mot. to Dismiss* (ECF No. 20). The basis of the motion to dismiss is that Mr. McKenney has failed to maintain contact with the Court. *Id.* at 1-2. Mr. McKenney failed to respond to the Defendants' motion to dismiss.

As just related, Mr. McKenney has failed to maintain contact with the Court and the Clerk's Office. Indeed the last communication that the Clerk's Office received from Mr. McKenney was on January 23, 2017, when he filed some documents with the Court. *See Indication by Prisoner*, *Additional Attachs.* (ECF No. 4, 5). Since then the Court has been unable to communicate with Mr. McKenney and Mr. McKenney has not communicated with the Court.

As the Court noted in its March 30, 2017 Order Affirming the Recommended Decision, the Clerk's Office "has made a good faith effort to notify Mr. McKenney of a significant decision in his case, but the Clerk's Office has been unable to keep him advised of an important matter because it does not know Mr. McKenney's whereabouts." *Order* at 2. Since March 30, 2017, important matters have continued to take place in Mr. McKenney's case, but his whereabouts continues to be unknown. In its March 30, 2017 Order, the Court also cited *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) for the proposition that "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441.

Because Mr. McKenney has failed to keep this Court apprised of his whereabouts and has failed to otherwise prosecute his claims, the Court GRANTS the Defendants' Motion to Dismiss (ECF No. 20) without prejudice. The Court

3

DISMISSES without prejudice as moot the Defendants' Motion to Stay Dispositive Motion Deadline (ECF No. 22).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2017